UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KENNETH WHITE, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | *     Civil Action No. 19-cv-10631-ADB |
| | * |
| WARDEN SPAULDING, et al. | * |
| | * |
| Respondents. | * |
| | * |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

For the reasons set forth below, the Court orders that this action be DISMISSED without prejudice.

**I.      Background**

*Pro se* litigant Kenneth White, who is incarcerated at FMC Devens, has filed a petition for a writ of corpus under 28 U.S.C. § 2241 [ECF #1] in which he alleges that has wrongfully been denied use of TRULINKS, which is an electronic messaging program offered by the Federal Bureau of Prisons ("BOP").  White wants to use TRULINKS to communicate with family members, his fiancé, and his attorney.  He contends that his exclusion from this program violates his rights under the First and Fifth amendments to the United States Constitution.  In his memorandum in support of his petition [ECF #2], he states that he is bringing this action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and the Administrative Procedures Act to challenge the BOP's Program Statement governing TRULINKS.  White names FMC Devens Warden Spaulding and the BOP as respondents.  He asks that the Court order that he be allowed to participate in the TRULINKS program.

White did not pay a filing fee or seek leave to proceed *in forma pauperis*. The petition has not been served pending the Court's preliminary review of the pleading. *See* 28 U.S.C. § 2243 (providing that, if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to serve the petition on the respondent).

## II.    Discussion

### A.    White Fails to State a Basis for Habeas Relief

Habeas corpus review is available under 28 U.S.C. § 2241 if a person is "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [non-habeas action]." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam).

Here, White does not challenge the validity of his conviction, sentence, the calculation of his release date, or any other matter concerning the duration of his confinement. He challenges the legality of the conditions of his confinement. A claim concerning a condition of confinement which does not directly affect the duration of government custody may only be pursued through a non-habeas action. *See, e.g.*, *Robinson v. Sherrod*, 631 F.3d 839, 840-41 (7th Cir. 2011); *Rael v. Williams*, 223 F.3d 1153, 1154-55 (10th Cir. 2000); *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Graham v. Sabol*, 734 F. Supp. 194, 204 (D. Mass. 2010); *Sanchez v. Sabol*, 539 F. Supp. 2d 455, 458-59 (D. Mass. 2008).

**B.      The Court Will Not Convert the Petition to a Civil Complaint**

The difference between habeas and non-habeas actions goes beyond mere labels, making it prudent to dismiss this action without prejudice rather than converting it to a non-habeas proceeding.

For prisoners, one notable difference is the filing fee.  The filing fee for a habeas petition is $5.00, while the filing fee for a non-habeas action is $400 (which includes a $50 administrative fee).  Where a prisoner is granted indigent status, often referred to as "*in forma pauperis*" status, the filing fee is not completely waived.  Instead, the $50 administrative fee is waived and the prisoner is allowed to proceed without *prepayment* of the remaining $350 of the filing fee.  He is still required to pay the $350 filing fee, albeit over time and generally in small increments.  *See* 28 U.S.C. § 1915(b).  His obligation to complete payment of the fee continues regardless of when the action is dismissed.  Further, a prisoner who has incurred three "strikes"—the dismissal of three non-habeas civil actions on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted—cannot proceed *in forma pauperis* in subsequent non-habeas civil actions unless he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(e)(2).

Habeas petitions and civil complaints are served in different manners.  A habeas petition is served by the Clerk of the Court.  In a non-habeas civil action, the plaintiff bears the burden of serving the summons and complaint upon the defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure.  Although the United States Marshals Service is required to complete service for plaintiffs who are permitted to proceed *in forma pauperis*, the plaintiff must still provide the USMS with all papers to be served and instructions for service.

In addition, a habeas petition is brought against the immediate custodian of the petitioner, whilst non-habeas civil claims are asserted against parties who are liable for the complained-of

injuries.  The nature of the cause of action asserted by a plaintiff determines who may correctly be named as a defendant.  For example, under the doctrine enunciated in *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), a litigant may bring "constitutional claims against federal officials, in their individual capacities, for actions taken under color of federal law."  *McCloskey v. Mueller*, 446 F.3d 262, 271 (1st Cir. 2006) (emphasis omitted).  However, *Bivens* liability may only be premised on the defendant's direct involvement in the alleged deprivation of constitutional rights--"respondeat superior is not a viable theory of *Bivens* liability."  *Ruiz Rivera v. Riley*, 209 F.3 24, 28 (1st Cir. 2000).  Further, a *Bivens* claim cannot be asserted against the United States, an agency of the United States, or a federal employee acting in his official capacity.  *See Chian v. Skeirik*, 582 F.3d 238, 243 (1st Cir. 2009).  Moreover, regardless of the cause of action the plaintiff asserts, the complaint must set forth the alleged misconduct of each defendant.  *See* Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

Finally, the Court notes that damages are available in a non-habeas action, whereas they are not available in a habeas action.  *See, e.g.*, *Allen v. McCurry*, 449 U.S. 90, 104 (1980) ("[T]he purpose of [the writ of habeas corpus] is not to redress civil injury, but to release the applicant from unlawful physical confinement.").

## III.    Conclusion

 Accordingly, for the aforesaid reasons, the petition for a writ of habeas corpus is DENIED without prejudice and this action shall be dismissed.  The dismissal of this action does not preclude White from bringing a non-habeas civil action concerning TRULINKS.

**IT IS SO ORDERED.**

Dated:  April 4, 2019

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
DISTRICT JUDGE
